****CORRECTED COPY – DESTROY ALL OTHERS****

# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32353

————————————

### UNITED STATES
*Appellee*

**v.**

### Ianna A. BELTRAN
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 April 2017

————————————

*Military Judge:* Joseph S. Imburgia.

*Approved sentence:* Bad-conduct discharge, confinement for 2 months, and reduction to E-1. Sentence adjudged 28 August 2015 by SpCM convened at Nellis Air Force Base, Nevada.

*For Appellant:* Captain Annie W. Morgan, USAF.

*For Appellee:* Lieutenant Colonel Jennifer A. Porter, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Judge MINK delivered the opinion of the court, in which Chief Judge DREW and Senior Judge J. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MINK, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with her pleas and in accordance with a pretrial agreement (PTA), of wrongful distribution of Tylenol with codeine, a Schedule

III controlled substance, on divers occasions, wrongful use of lysergic acid diethylamide (LSD), and wrongful use of psilocybin, each in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The adjudged and approved sentence included a bad-conduct discharge, confinement for two months, and reduction to the grade of E-1.[1]

Appellant raises two issues on appeal: (1) that Appellant was denied a meaningful opportunity for clemency when a personal data sheet, containing the incorrect amount of Appellant's basic pay, was attached to the staff judge advocate's recommendation (SJAR) for review by the convening authority, and (2) that the sentence is inappropriately severe.[2] In addition, although not raised by the parties, we also address an error in the SJAR regarding the convening authority's ability to disapprove the adjudged confinement. Finding no relief is warranted, we affirm the findings and sentence as approved by the convening authority.

## I. BACKGROUND

From on or about 15 December 2014 until on or about 15 February 2015, Appellant sold 40 Tylenol with codeine pills, which she had been prescribed, to A1C AS and AB KP. These sales took place on five or six separate occasions at Appellant's apartment in Las Vegas, Nevada. Appellant received a total of approximately $100.00 from A1C AS and AB KP in exchange for the pills.

On 6 March 2015 in Appellant's apartment, A1C AS and Appellant's civilian friend provided Appellant LSD, commonly known as "acid," and psilocybin, in the form of mushrooms. Appellant consumed both LSD and psilocybin.

## II. DISCUSSION

### A. Staff Judge Advocate's Recommendation (SJAR)

The SJAR shall be a concise written communication, setting forth, *inter alia*, the findings, sentence, and confinement credit to be applied; a copy or summary of the PTA; and the staff judge advocate's (SJA's) concise recommendation. R.C.M. 1106(d)(3). The SJAR should also contain, as an attachment, a copy of the personal data sheet (PDS) of the accused admitted at tri-

---

[1] The PTA between Appellant and the convening authority provided the latter would approve no confinement in excess of two months, but included no other limitations on the sentence that could be approved. Accordingly, the PTA had no impact on the convening authority's ability to approve the adjudged sentence.

[2] The second issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

al. Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.16 (6 Jun 2013). Before taking action on a sentence, a convening authority must consider the SJAR. R.C.M 1107(b)(3)(ii).

In this case, the SJAR contained two errors: first, the SJA attached a PDS to the SJAR that was not a copy of the one admitted at trial and which stated the wrong amount for Appellant's basic pay, and second, the SJAR incorrectly advised the convening authority regarding his power to reduce Appellant's term of confinement. Even though the SJAR was served on Appellant and her counsel, she did not note these discrepancies in her clemency submission and the SJAR addendum did not correct either of these errors.

The "proper completion of post-trial processing is a question of law, which this court reviews de novo." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). "If defense counsel does not make a timely comment on an omission [or error] in the [SJAR], the error is waived unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Under a plain error analysis, Appellant must persuade this court that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65).

The standard for meeting the test of prejudice is low, requiring only "some colorable showing of possible prejudice." *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)). "The low threshold for material prejudice with respect to an erroneous post-trial recommendation . . . is designed to avoid undue speculation as to how certain information might impact the convening authority's exercise of such broad discretion." *Scalo*, 60 M.J. at 437. While the threshold is low, there must be some colorable showing of possible prejudice. *Id.*

Because Appellant did not object to the SJAR, we test the erroneous advice for plain error. We consider each error in turn.

### 1. Personal Data Sheet Error

The fact that the PDS attached to the SJAR was not a copy of the one introduced at trial was clear error, as was the fact that Appellant's basic pay was incorrect on the PDS attached to the SJAR. Even a cursory review of the PDS and the information contained thereon should have revealed that it was not the correct PDS.

However, we do not find a colorable showing of possible prejudice. First, even though the PDS attached to the SJAR was not a copy of the one introduced at trial, all of the information on the PDS, except for the basic pay, was

the same information on the PDS introduced at trial. Second, as noted above, the only incorrect information on the PDS attached to the SJAR was Appellant's basic pay. Appellant's basic pay was incorrectly stated as "$1938.00" instead of the correct amount of "$1734.00." Since the sentence approved by the convening authority included no forfeiture of pay, it is highly unlikely the difference in the amount of basic pay on the PDS would have had any impact on the convening authority's decision. Finally, the only restriction imposed by the PTA on the convening authority's ability to approve any adjudged sentence up to the jurisdictional maximum imposable in a special court-martial, was a limitation of two months on any confinement. Given that the sentence adjudged by the court-martial included only two months of confinement, reduction to E-1, and a bad-conduct discharge, the convening authority was unlikely to find the sentence oppressive or deem clemency appropriate. Considering these circumstances together, we find no colorable showing the PDS error may have prejudiced the result of Appellant's clemency request, and therefore we find no plain error that warrants relief.

### 2. Authority to Disapprove Confinement

Though not raised by Appellant, we note that the SJAR also erroneously advised the convening authority that he had no authority to "disapprove, commute, or suspend in whole or in part [the] confinement" adjudged by the court-martial. This statement was clear error.

The National Defense Authorization Act for Fiscal Year 2014 (FY14 NDAA) substantially modified the convening authority's ability to approve findings and sentences under Article 60, UCMJ, 10 U.S.C. § 860. FY14 NDAA, Pub. L. No. 113-66, § 1702, 127 Stat. 955–58 (2013). The convening authority can no longer "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" except in certain circumstances not present here. *Id.* at 956. These changes became effective on 24 June 2014 and were applicable to Appellant since her offenses occurred after the act's effective date. *Id.* at 958.

While Appellant's adjudged bad-conduct discharge could not be disapproved by the convening authority, the FY14 NDAA provisions placed no restrictions on the convening authority's ability to disapprove the confinement portion of Appellant's sentence since the confinement adjudged by the court-martial was less than six months.

Again, however, we do not find a colorable showing of possible prejudice. Significantly, Appellant does not claim any prejudice as a result of this error. In Appellant's clemency submission, she requested disapproval of the adjudged reduction in rank, but she did not request disapproval of the adjudged confinement. Appellant's trial defense counsel advised the convening authori-

ty that Appellant "would have simply asked that [the convening authority] disapprove confinement in excess of one month" as "justifiable and appropriate on its own merits," but then observed that such request would "offer[ ] no meaningful opportunity for relief" for Appellant since she would have served her period of confinement prior to action by the convening authority. Instead, Appellant only requested that the convening authority disapprove the reduction in rank. Given the fact that the term of confinement was "not of such unusual duration or severity" and that the PTA between the convening authority and Appellant provided the convening authority could have approved confinement up to two months, we are not persuaded there was a reasonable likelihood that the convening authority would have exercised his clemency powers to disapprove any portion of the confinement, even had he been correctly advised that he could do so. *See United States v. Carnio-Navarro*, No. ACM S32340, 2017 CCA LEXIS 90 (A.F. Ct. Crim. App. 9 Feb. 2017) (unpub. op.); *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226 (A.F. Ct. Crim. App. 31 Mar. 2017 (unpub. op.). We find this of particular import since Appellant did not specifically request disapproval of any portion of confinement. Considering all of these factors, we find no colorable showing that the SJA's erroneous advice regarding the ability to disapprove any confinement may have prejudiced the result of Appellant's clemency request, and therefore, we find no plain error that warrants relief.

**B. Sentence Appropriateness**

Appellant also asserts that her sentence was inappropriately severe. We disagree.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant was convicted of selling her prescription medicine to two other Airmen over a period of two months, resulting in her financial gain. She also used two different illegal drugs in an attempt to celebrate her upcoming birthday. Both at trial and on appeal, Appellant focused on the tragic circumstances of her childhood. She also points to mental health issues and alcohol abuse as additional mitigating factors.

We have given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial, including Appellant's history of discipli-

nary infractions. Appellant was subject to the statutory maximum of a special court-martial: 12 months of confinement, reduction to E-1, forfeiture of two-thirds' pay per month for 12 months, and a bad-conduct discharge. However, her PTA limited the amount of confinement that the convening authority would approve to two months. The approved sentence of a bad-conduct discharge, two months of confinement, and reduction to E-1, was within the terms of the PTA. While we acknowledge the tragic circumstances of Appellant's childhood, the sentence properly addressed Appellant's serious misconduct, was legally appropriate based on the facts and circumstances of this particular case, and was not inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

MICAH L. SMITH
Deputy Clerk of the Court

6